ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
THOMAS P. BURKE JR. - State Bar No. 288261
tburke@glaserweil.com
JUSTIN P. THIELE - State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
*Topson Downs of California, Inc.; Wal-Mart Stores, Inc.; and Daniel Abramovitch*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

FABRIC SELECTION, INC., a California corporation,

Plaintiff,

v.

TOPSON DOWNS OF CALIFORNIA, INC., a California corporation; WAL-MART STORES, INC., a Delaware corporation; DANIEL ABRAMOVITCH, an individual; and DOES 1 through 50, inclusive,

Defendants.

TOPSON DOWNS OF CALIFORNIA INC., a California Corporation,

Counterclaimant

v.

FABRIC SELECTION, INC., a California corporation,

Counterclaim Defendant.

CASE NO.: 2:18-cv-04626-CAS-AFMx

Hon. Christina A. Snyder

**DECLARATION OF KELLY GORDON IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS THE PROCEEDINGS OF THE DISTRICT COURT**

DATE: August 13, 2018
TIME: 10:00 a.m.
COURTROOM: 8D

TRIAL DATE: Not set

# **DECLARATION OF KELLY GORDON**

I, Kelly Gordon, declare and state as follows:

1. I make this Declaration on my personal and firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

## **Background**

2. I am the Chief Operating Officer ("COO") of Defendant Topson Downs of California, Inc. ("Topson"). I have worked for Topson since 2001.

3. Topson has been a leading designer, manufacturer, and seller of ready-to-wear apparel since 1971.

4. Topson's retail clients include Walmart, Target, Forever 21, and Nordstrom, to name a few.

5. Fabric Selection designs print artwork which it licenses to apparel companies such as Topson.

## **Licensing Agreement Between Fabric Selection and Topson**

6. Topson began an ongoing licensing relationship with Fabric Selection in 2010, under which Topson licensed several Fabric Selection designs for use on garments that Topson designs, manufactures, or sells.

7. Topson also formerly purchased fabric from Fabric Selection for its garments.

8. Under the licensing agreement, Topson would license a fabric design from Fabric Selection after Topson had secured a commitment to purchase from one of its downstream retailers, such as Defendant Walmart.

9. After receiving a commitment to purchase, Topson would request the design files for a particular fabric design from Fabric Selection using a purchase order ("PO"). These POs would include the name of the design sought, along with the number of units that Topson anticipated manufacturing or selling and the applicable royalty rate.

10. Typically, Fabric Selection would provide Topson with the design files



Glaser Weil

for the designs sought after it received a PO from Topson, though occasionally Fabric Selection provided Topson with the design files before a PO was issued, when the design files were requested on an informal basis, either in person or over the telephone.

11. Fabric Selection would issue an invoice to Topson after it received a PO, and that invoice would identify the corresponding PO number, the designs, and the payment terms and amounts.

12. For each of the Designs accused in Fabric Selection's complaint, Topson generated a PO, Fabric Selection generated a corresponding invoice, and Topson paid those invoices.

13. Each of the POs applicable to the accused Designs contained the same Terms and Conditions on the bottom half of the document.

14. The Terms and Conditions included a provision providing that the PO would be deemed accepted upon performance by Fabric Selection, and that the PO could not be modified by Fabric Selection without Topon's express written consent: "This Purchase Order ("PO"), including any attachments hereto, sets forth the entire agreement between the parties regarding this transaction, except for any Purchase Agreement ("Agreement") between Topson Downs of California, Inc. ("Purchaser") and the Supplier identified on the reverse side or the first page of this PO ("Seller"). This PO shall be deemed accepted, and a binding contract between the parties, upon Seller's execution of an original or a copy of this PO, written acceptance in any other form by Seller or commencement of performance by Seller. No modification of any of terms or conditions hereof nor any additional or inconsistent terms, including any set forth in any sales order or confirmation from Seller, may be made by Seller, unless expressly approved in writing by an officer of Purchaser or set forth in the Agreement. Purchaser shall have the right from time to time to issue a change order with respect to this Order, which change order shall be deemed accepted by Seller upon the first to occur of written acceptance thereof,



Glaser Weil

commencement of performance in accordance with such change order or failure by Seller to object thereto in writing within 10 days after issuance."

15. No officer of Topson has ever expressly approved in writing the addition of any terms or conditions to Topson's POs by Fabric Selection.

16. The Terms and Conditions also included an arbitration provision: "This Order shall be governed by and interpreted in accordance with the laws of the State Of California, without regard to its conflicts of laws principles. In the event of any dispute, claim or controversy arising out of or otherwise relating to this Order, the matter shall be resolved by binding arbitration before JAMS/Endispute or the American Arbitration Association in Los Angeles, California, pursuant to the commercial arbitration rules (or equivalent) of such organization, except that there shall be only one arbitrator. Judgment of the arbitrator may be enforced in any court of competent jurisdiction. Notwithstanding the foregoing, either party may seek provisional relief before any court of competent jurisdiction. The prevailing party in any arbitration, provisional relief or other proceeding and any appeal therefrom shall be entitled to recover its reasonable attorneys' fees and costs from the other party."

17. The Terms and Conditions also included a limitation on Topson's liability: "All remedies of Purchaser shall be cumulative and in addition to all other remedies available to Purchaser at law or in equity. Purchaser shall not be liable for any damages in excess of the price of the goods, or for special, incidental, consequential or punitive damages. If any provision of this Order is held to be invalid or unenforceable, the remainder of this Order shall not be affected thereby."

18. Since Topson issued POs before the garments at issue were manufactured or sold to its downstream retailers, sometimes the number of units listed on the POs differed from the number of units actually manufactured or sold by Topson.

19. When discrepancies between the anticipated and actual units occurred, Topson tried to remedy the situation by issuing a new and corrected PO.



Glaser Weil

20. Occasionally, however, a discrepancy would not be corrected before Fabric Selection issued an Invoice to Topson, and that Invoice was paid by Topson.

21. In connection with a related lawsuit, Topson and Fabric Selection conducted an informal audit of Topson's books and records from 2012 to 2015.

22. The informal audit uncovered some discrepancies between the anticipated units included on POs and the actual units sold by Topson.

23. The informal audit, however, uncovered scenarios where both the actual units exceeded the anticipated units (i.e., underpayments by Topson) and the actual units fell below the anticipated units (i.e., overpayments by Topson). The informal audit also revealed that the POs for Designs C, D, E, F, G, and S were issued on a *per yard* basis instead of a *per unit* basis, because the garments with those designs used less than one yard of fabric for each unit. This explains the discrepancies between the quantities listed on the POs and the number of units actually sold by Topson for these designs, and the POs for these designs are, in fact, substantially correct.

24. After the informal audit, in an attempt to remedy all underpayments, Topson mailed checks for the full amount of the underpayments uncovered by the audit, totaling $77,436.50, on May 18, 2018. True and correct copies of these checks are attached hereto as **Exhibit W**. Fabric Selection deposited these checks on May 23, 2018.

25. To the best of my knowledge, Fabric Selection, has made no efforts to compensate Topson for overpayments that it made pursuant to the licensing relationship.

26. Most, if not all, of the POs issued by Topson to Fabric Selection were never signed by a representative of Fabric Selection. All, however, were accepted by Fabric Selection's conduct. In response to receiving a PO, Fabric Selection provided Topson with the design files sought and issued an invoice to Topson. This is also true for the dozens of other designs that Topson has licensed from Fabric Selection



Glaser Weil

over the years without issue.

**Designs Accused in Fabric Selection's Complaint**

27. Design A was requested by Topson in PO number 5174, dated September 15, 2014, a true and correct copy of which is attached hereto as **Exhibit A-1**.[1] Fabric Selection provided Topson with Design A and issued Invoice number R71663, dated September 1, 2015, a true and correct copy of which is attached hereto as **Exhibit A-2**. Topson paid this invoice on November 18, 2015.

28. Design B was requested by Topson in PO number 5187, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit B-1**. Fabric Selection provided Topson with Design B and issued Invoice number R53058, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit B-2**. Topson paid this invoice on January 27, 2015.

29. Design C was requested by Topson in PO number 5181, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit C-1**. Fabric Selection provided Topson with Design C and issued Invoice number R51191, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit C-2**. Topson paid this invoice on December 16, 2014.

30. Design D was requested by Topson in PO number 5181, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit D-1**. Fabric Selection provided Topson with Design D and issued Invoice number R51191, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit D-2**. Topson paid this invoice on December 16, 2014.

31. Design E was requested by Topson in PO number 5181, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit E-1**. Fabric

[1] Proprietary pricing information has been redacted from both the POs and invoices using black rectangular redaction marks. Unredacted versions are filed provisionally under seal.



Glaser Weil

Selection provided Topson with Design E and issued Invoice number R51191, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit E-2**. Topson paid this invoice on December 16, 2014.

32. Design F was requested by Topson in PO number 5181, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit F-1**. Fabric Selection provided Topson with Design F and issued Invoice number R51191, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit F-2**. Topson paid this invoice on December 16, 2014.

33. Design G was requested by Topson in PO number 5204, dated December 24, 2014, a true and correct copy of which is attached hereto as **Exhibit G-1**. Fabric Selection provided Topson with Design G and issued Invoice number R55303, dated December 29, 2014, a true and correct copy of which is attached hereto as **Exhibit G-2**. Topson paid this invoice on March 24, 2015.

34. Design H was requested by Topson in PO number 5184, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit H-1**. Fabric Selection provided Topson with Design H and issued Invoice number R53055, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit H-2**. Topson paid this invoice on January 27, 2015.

35. Design I was requested by Topson in PO number 5226, dated October 9, 2015, a true and correct copy of which is attached hereto as **Exhibit I-1**. Fabric Selection provided Topson with Design I and issued Invoice number R71764, dated October 12, 2015.[2] Topson paid this invoice on December 22, 2015.

[2] Topson has yet to locate three Fabric Selection invoices from its records, though these invoices were produced by Fabric Selection in the related matter of Case No. 2:17-cv-05721. These invoices, however, were designated as confidential under the applicable protective order, so Topson does not attach them here. Topson anticipates that Fabric Selection can confirm the existence of these invoices and will produce them upon request in this action or arbitration.



Glaser Weil

36. Design J was requested by Topson in PO number 5125, dated January 23, 2014, a true and correct copy of which is attached hereto as **Exhibit J-1**. Fabric Selection provided Topson with Design J and issued Invoice number R39226, dated March 14, 2014, a true and correct copy of which is attached hereto as **Exhibit J-2**. Topson paid this invoice on May 20, 2014.

37. Design K was requested by Topson in PO number 5190, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit K-1**. Fabric Selection provided Topson with Design K and issued Invoice number R53048, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit K-2**. Topson paid this invoice on January 27, 2015.

38. Design L was requested by Topson in PO number 5173, dated September 15, 2014, a true and correct copy of which is attached hereto as **Exhibit L-1**. Fabric Selection provided Topson with Design L and issued Invoice number R71672, dated September 1, 2015, a true and correct copy of which is attached hereto as **Exhibit L-2**. Topson paid this invoice on November 18, 2015.

39. Design M was requested by Topson in PO number 5125, dated January 23, 2014, a true and correct copy of which is attached hereto as **Exhibit M-1**. Fabric Selection provided Topson with Design M and issued Invoice number R39226, dated March 14, 2014, a true and correct copy of which is attached hereto as **Exhibit M-2**. Topson paid this invoice on May 20, 2014.

40. Design N was requested by Topson in PO number 5173, dated September 15, 2014, a true and correct copy of which is attached hereto as **Exhibit N-1**. Fabric Selection provided Topson with Design N and issued Invoice number R71672, dated September 1, 2015, a true and correct copy of which is attached hereto as **Exhibit N-2**. Topson paid this invoice on November 18, 2015.

41. Design O was requested by Topson in PO number 5199, dated November 5, 2014, a true and correct copy of which is attached hereto as **Exhibit O-1**. Fabric Selection provided Topson with Design O and issued Invoice number

R52729, dated November 5, 2014. Topson paid this invoice on February 20, 2015.

42. Design P was requested by Topson in PO number 5187, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit P-1**. Fabric Selection provided Topson with Design P and issued Invoice number R53058, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit P-2**. Topson paid this invoice on January 27, 2015.

43. Design Q was requested by Topson in PO number 5187, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit Q-1**. Fabric Selection provided Topson with Design Q and issued Invoice number R53058, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit Q-2**. Topson paid this invoice on January 27, 2015.

44. Design R was requested by Topson in PO number 5215, dated February 24, 2015, a true and correct copy of which is attached hereto as **Exhibit R-1**. Fabric Selection provided Topson with Design R and issued Invoice number R70452, dated September 9, 2015, a true and correct copy of which is attached hereto as **Exhibit R-2**. Topson paid this invoice on November 18, 2015.

45. Design S was requested by Topson in PO number 5213, dated February 24, 2015, a true and correct copy of which is attached hereto as **Exhibit S-1**. Fabric Selection provided Topson with Design S and issued Invoice number R61305, dated March 19, 2015. Topson paid this invoice on May 27, 2015.

46. Design T was requested by Topson in PO number 5184, dated October 6, 2014, a true and correct copy of which is attached hereto as **Exhibit T-1**. Fabric Selection provided Topson with Design T and issued Invoice number R53055, dated November 11, 2014, a true and correct copy of which is attached hereto as **Exhibit T-2**. Topson paid this invoice on January 27, 2015.

47. Design U was requested by Topson in PO number 5217, dated March 13, 2015, a true and correct copy of which is attached hereto as **Exhibit U-1**. Fabric Selection provided Topson with Design U and issued Invoice number R61089, dated

March 17, 2015, a true and correct copy of which is attached hereto as **Exhibit U-2**. Topson paid this invoice on May 27, 2015.

48. Design V was requested by Topson in PO number 5225, dated August 20, 2015, a true and correct copy of which is attached hereto as **Exhibit V-1**. Fabric Selection provided Topson with Design V and issued Invoice number R69685, dated August 24, 2015, a true and correct copy of which is attached hereto as **Exhibit V-2**. Topson paid this invoice on October 30, 2015.

Glaser Weil

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing facts are true and correct.

Executed on July 9, 2018, at Los Angeles, California.

KELLY GORDON

Glaser Weil